(Hamilton County Court of Common Pleas.)

July, 1897.

IN THE MATTER OF THE APPLICA-
TION OF JOHN DONAHUE FOR A
WRIT OF HABEAS CORPUS FOR
"KID" ROACH, ALIAS PAT-
RICK CASEY.

A dismissal upon the charge of illegal vot-
ing under sec. 7047, Rev. Stat., is not a bar
against prosecution under sec. 2926w-3, for
(at the same election) falsely and fraudu-
lently obtaining registration.

SMITH, J.

The evidence and the papers from the
police court of the city of Cincinnati in this
case, show, that on April 6, 1897, an affida-
vit and warrant was filed charging Patrick
Casey, the prisoner, with illegal voting at a
certain election held in precinct B. of the
Fourth Ward, of the city of Cincinnati, on
or about the 5th day of April, 1897; that on
the same day, to-wit, April 6, 1897, informa-
tion for illegal voting was filed in the said
police court of the city of Cincinnati, in-
forming the court that the said Patrick Casey
did, on or about the said 5th day of April,
1897, vote illegally at an election held in the
city of Cincinnati aforesaid; that the defend-
ant pleaded "not guilty" to said charge,
and was tried and dismissed.

That afterwards, to-wit, on the 13th day
of July, 1897, an affidavit and warrant for
the said prisoner was filed, charging again
that he, on or about the 5th day of April,
1897, at the said city of Cincinnati, did un-
lawfully vote at an election held in the said
city of Cincinnati, on or about said date.
That on August 4, 1897, the said prisoner
filed a plea in bar to said affidavit filed July
13,1897,and upon hearing in the police court
upon the same, was dismissed. That there-
upon, on August 5, 1897, an affidavit and
warrant for false registration, and also an
affidavit and warrant for false and fraudu-
lent registration, were filed in the police
court of the city of Cincinnati, against the
prisoner, charging that on or about the 27th
day of March, 1897, at the city of Cincin-
nati, the said Patrick Casey, did unlawfully,
falsely and fraudulently, apply for and obtain
registration as an elector in precinct B. in
the Fourth Ward of the city of Cincinnati.
The evidence further shows, that after the
first trial and dismissal of the prisoner on
the charge of illegal voting, the prisoner
went to the city of Chicago, in the state of
Illinois, and that upon the issuance of the
second affidavit for illegal voting, an officer
was sent to Chicago to bring the prisoner
back to answer the charge; and that, after
having reached this city, and after the plea
in bar was sustained by the police court, he
was charged again with another offense, that
of false and fraudulent registration. And
the claim of the prisoner is, that having
involuntarily come from the state of Illinois
to answer the charge set out in the second

warrant, before he could be tried for any
other offense, he should have been allowed
the privilege of returning to the state from
which he came.

It is admitted at this hearing that no
requisition papers were issued for the
prisoner, and therefore no extradition pro-
ceedings were had. There being no extra-
dition proceedings. therefore, the case of ex
parte McKnight, reported in the 48 Ohio St.,
page 588, referred to by counsel for the
prisoner, has no application in this case.

The claim made by the prisoner is, that
he involuntarily came into the jurisdiction
of the police court to answer to one charge,
and after being dismissed on that charge,
was arrested for another, before he had the
privilege of returning to his asylum. The
evidence, however, on this point does not
bear it out, as the testimony of the officer
who went to Chicago to bring him back,
shows that he did not have extradition
papers and not even the warrant in his pos-
session, and did not mislead the prisoner.
And the prisoner's testimony, also, is that
he said to the officer that he would come
back on the charge for which he was wanted,
to wit:—illegal voting, without any extra-
dition papers.

It is also claimed by the prisoner, that
being dismissed on the ground of illegal
voting, if he was a legal voter he must have
been lawfully registered. The charge of il-
legal voting is under sec. 7047 of the Rev.
Stats., and the penalty attached is such as
to make the offense a misdemeanor.

The charge of falsely and fraudulently ob-
taining registration, is under sec. 2926w-3,
of the Rev. Stats., and the penalty makes
this offense a felony.

It is evident that the legislature intended
two separate offenses—one under the general
election law, and the other under the regis-
tration law.

The judgment, therefore, of the court is,
that the release of the prisoner will be re-
fused, and he is hereby remanded to the
custody of the sheriff.

C. S. Sparks, for the writ.

Robert C. Pugh, contra.